**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

Case No.: 2:20-cv-00691-RMG
(Consolidated with 2:20-cv-2841-RMG)

BOOZE POPS LLC, a South Carolina limited
liability company, *et al*.

               Plaintiffs,

v.

BUZZ POP COCKTAILS CORPORATION,
a Florida corporation, *et al*.

               Defendants

_____/

BUZZ POP COCKTAILS CORPORATION,
a Florida corporation,

               Plaintiff,

v.

BOOZE POPS LLC, a South Carolina limited
liability company,

               Defendant

_____/

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO THE DEFENDANTS

BOOZE POPS LLC, BOOZE POPS CORPORATE LLC, and BOOZE POPS

DISTRIBUTION LLC (collectively, "Booze Pops" or "Plaintiffs"), pursuant to Local Rule 37.01

and Federal Rule of Civil Procedure 37, respectfully move this Court for an Order compelling the

Defendants to make full, complete and non-evasive disclosures and, accordingly, produce its

1

responsive documents in response to Plaintiffs' First Set of Requests for Production of Documents and Things. Additionally, Plaintiffs request that the Court award them their reasonable expenses, including attorneys' fees, associated with the pursuit of this discovery, including but not limited to the making of this Motion.

**TABLE OF CONTENTS**

I.    **BACKGROUND** ................................................................................................ 3

II.   **LEGAL STANDARD** ....................................................................................... 4

III.  **DEFENDANT'S IMPROPER RESPONSES** ................................................. 5

   A.   DEFENDANTS' SPECIFIC RESPONSES AND OBJECTIONS ...................... 5

     1.   *Objections Made Repetitively Throughout the Specific Responses* ............... 5

      (a) "Vague" ......................................................................................... 5

      (b) "Business Confidential" ................................................................ 6

      (c) No other objections made ............................................................. 8

     2.   *Disingenuous Assertions that No Documents Exist* ...................................... 8

   B.   DEFENDANTS' GENERAL OBJECTIONS ................................................. 18

IV.   **DEFENDANTS' PROMISE THAT DOCUMENTS "WILL BE PRODUCED"** ......... 20

V.    **CONCLUSION** ............................................................................................... 20

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

## I.    BACKGROUND

On October 1, 2020, Plaintiffs served their First Set of Request for Production of Documents upon the Defendants.  Exhibit 1.   Pursuant to Fed.R.Civ.P. 34(b)(2), the Defendants' responses were due on November 2, 2020.   On November 6, 2020, Plaintiffs notified the Defendants of their failure to serve any response thereto, noted that they had thereby waived any objections they might have had, and requested to be informed of the date the Plaintiffs could expect to receive the Defendants' responsive documents, noting that the Plaintiffs would like to come to an amicable resolution to avoid the need to seek court intervention.  Exhibit 2.

On November 9, 2020, Defendants' counsel stated that he would serve a response that day and documents by the end of the week (*i.e.*, by November 13th).  Later that day, November 9th, the Defendants served a written response, which included promises to produce responsive documents. Exhibit 3.

However, on November 11, 2020, Defendants' counsel requested additional time—due to an approaching storm—to produce the promised documents.   In the spirit of good faith cooperation, undersigned counsel agreed to additional time and requested that the documents be produced by November 18th.  In response, on November 16th, the Defendants' counsel instead promised to produce documents on Friday, November 20th.  Exhibit 4.

Late on the night of November 17, 2020, Defendants' served an amended written response to Plaintiffs' First Set of Requests for Production of Documents and Things—but did **not** serve any responsive documents. Exhibit 5.  Likewise, on November 20th, the most recent promised date of production, the Defendants also failed to produce any documents.  Not a single document has been served by the Defendants.

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

The Defendants have met the Plaintiffs' efforts at a good faith amicable resolution, with delay and gamesmanship. Thus, the Plaintiffs now have no choice but to seek the intervention of this Court. The Defendants have made it clear that they unreasonably refuse to engage in the discovery to which the Plaintiffs are entitled, or at least intend to delay and burden the Plaintiffs in the process. Accordingly, the Plaintiffs request that the Court order the Defendants to produce the responsive documents and pay the Plaintiffs' fees and expenses in pursuing this discovery.

## II.    LEGAL STANDARD

Pursuant to Fed.R.Civ.P. 37, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if, inter alia, the party to whom the discovery was directed failed to produce documents or to permit inspection, or respond that inspection will be permitted as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B)(iv). "**[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond**." Fed. R. Civ. P. 37(a)(4) (emphasis added).

Both responses and objections must be timely. Indeed, "[i]f a party fails to respond to requests for production within the applicable thirty-day time limit as specified under Fed.R.Civ.P. 34, he waives any objections he may have to the production of documents." *Chapman v. HHCSC, LLC,* 2014 WL 12615704, at *1 (D.S.C. Sept. 4, 2014) (citing *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005) ("implicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver ...")). However, even if timely, boilerplate or

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

non-specific objections are ineffective and, instead, treated as an evasive failure to disclose. *See U.S. v. Town of Irmo, S.C.*, 2020 WL 1025686, at *2 (D.S.C. Mar. 3, 2020).

A party objecting to discovery as vague or ambiguous has the burden of showing such vagueness or ambiguity. *Buskirk v. Wiles*, No. CV 3:15-03503, 2016 WL 7118288, at *3 (S.D.W. Va. Dec. 6, 2016). First, however, the responding party "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." *Id*. "If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue." *Id*.

## III.    DEFENDANT'S IMPROPER RESPONSES

### A.    DEFENDANTS' SPECIFIC RESPONSES AND OBJECTIONS

#### 1.    *Objections Made Repetitively Throughout the Specific Responses*

(a) "Vague"

In response to Request No.s: 1, 4, 17-22, 65-66, 68, 70, 111, and 197, the Defendants repetitively object that requests are vague but fail to assert what language within the request they believe is vague. Thus, the objection was disingenuous and clearly used as a delay tactic.

Moreover, the Defendants attempt to put a limiting gloss on the request by suggesting that they need produce documents and things as to which they were "involved." The Defendants fail to specify how they define "involved" but it appears to be calculated to avoid producing documents and things over which they have possession, custody or control over but which somehow they were not involved in creating but, for example, may have used a third-party to create.

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

Consequently, the Plaintiffs request that the Court overrule the Defendants' vagueness objection and their proposed "involved" limitation, and order the Defendants to immediately produce all documents responsive to Request No.s: 1, 4, 17-22, 65-66, 68, 70, 111, and 197.

(b) "Business Confidential"

In response to Request No.s: 23-26, 34, 37-40, 74, 77-79, 81-86, 88-90, 94-99, 114-117, 123-130, 133, 140-147, 152-155, 158-179, 181-187, 189-191, 193, 195-196, the Defendants asserted that the responsive documents are confidential in nature. Specifically, the objection was stated as follows: "Business confidential. To the extent this information is publically [sic] available, the objection is waived as the documents are available from another source." Ex. 5, at Responses to Request No.s: 23-26, 34, 37-40, 74, 77-79, 81-86, 88-90, 94-99, 114-117, 123-130, 133, 140-147, 152-155, 158-179, 181-187, 189-191, 193, and 195-196.

Defendants know or should know that stating that a document is confidential, is not a proper ground for objection. Instead, the document must be produced. Moreover, the parties agreed to and the Court entered a Consent Confidentiality Order, Dkt. no. 25, which addresses the issue and procedure for designating and producing confidential documents. Therein, it states that: "Any Party may designate documents as confidential but only after review of the documents by an attorney₁ who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information." Dkt. no. 25, at ¶ 3 and Ex. A (certification). Furthermore, the Order prohibits any party from withholding information from discovery on the

6

ground that it requires protection greater than that afforded by that Order, "unless the party moves for an Order providing such special protection." *Id*., at ¶ 7.

The Defendants and their counsel have willfully violated the Court's Order and the agreed procedure therein and, instead, have made blanket assertions of confidentiality for entire categories of documents.

Adding insult to injury, immediately after making the blanket assertion of confidentiality, the Defendants made a stunning attempt to avoid the discovery by placing the burden *on the Plaintiffs* to undertake an investigation to figure out whether, to any extent, the documents are publicly available and, if they are, to seek them from the public source (if any) instead of the Defendants. This is not how discovery works and Defendants' counsel knows such.

The Plaintiffs are entitled to discover what documents and things the Defendants have in their possession, custody or control. Whether the documents are *also* publicly available is not a consideration in determining whether the Defendants must produce the responsive documents. Furthermore, the position that the documents may be publicly available contradicts the assertion of confidentiality and shows that the Defendants' counsel is not able to provide the required certification of the documents confidential nature. *See* Dkt. no. 25, at ¶ 3 and Ex. A (certification). The Defendants seem to acknowledge such by also asserting a conditional waiver of the objection.

Consequently, the Plaintiffs request that the Court overrule the Defendants' confidentiality objection and their proposed "publicly available" burden shift, and order the Defendants to immediately produce all documents responsive to Request No.s: 23-26, 34, 37-40, 74, 77-79, 81-86, 88-90, 94-99, 114-117, 123-130, 133, 140-147, 152-155, 158-179, 181-187, 189-191, 193, and 195-196.

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

(c)  No other objections made

Finally, the Plaintiffs note that the Defendants did not make any other specific objections and, thus, even if the Defendants had not waived their objections through failing to respond to the requests in writing by November 2nd, all other objections have most certainly been waived through the failure to assert them in even their tardy responses.

2. *Disingenuous Assertions that No Documents Exist*

It is difficult to challenge an assertion by respondents of having no documents that are responsive to the requests but the following seem particularly disingenuous for the reasons noted:

**REQUEST NO. 9:** All applications for licenses, permits, or other government authorizations relating to Buzz Pop Cocktails, whether submitted to the federal government or any state or local government. and

**REQUEST NO. 10:** Documents sufficient to identify each license, permit or other government authorization relating to Buzz Pop Cocktails that You have been granted—whether by the federal government or any state or local government—the date it became effective, any period of its suspension, any renewal thereof, and its present status.

Defendants Response to both No.s 9 and 10:  NONE. Buzz Pop Cocktails Corporation was formed in December 2018 - many months after any alleged relationship between Plaintiffs and Defendants ended. These documents are not relevant to any claim or defense in this litigation.

Plaintiffs' Position:

Defendants improperly limit their response to a particular defendant, Buzz Pop Cocktails Corporation, even though the request was directed to **all** of the Defendants and the response was served on behalf of all of the Defendants.  Thus, it appears that the Defendants are attempting to use their response to evade the requested discovery.

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

This action is not limited to contractual issues (the "alleged relationship") but, rather, also includes several claims to which the licensing issue pertains, including but not limited to Plaintiffs' Counts II, III, IV, VI, X and XI.  Consequently, the Plaintiffs request that the Court order the Defendants to produce all responsive documents with respect to all Defendants and/or allow a forensic inspection of their electronic devices toward an independent, objective search and collection for the requested documents, as to which the Defendants shall pay all associated fees and costs.

**REQUEST NO. 11:** Documents and Communications exchanged with the State of Nevada or any department or agency thereof relating to obtaining a license to conduct business in the State of Nevada, including but not limited to any license relating to the production, distribution, import, export and/or sale of alcohol or products containing alcohol.

and

**REQUEST NO. 12:** Documents and Communications exchanged with the State of Nevada or any department or agency thereof relating to maintaining a license to conduct business in the State of Nevada, including but not limited to the maintaining of any license relating to the production, distribution, import, export and/or sale of alcohol or products containing alcohol.

and

**REQUEST NO. 13:** Communications with the State of Nevada or any department or agency thereof relating to alcoholic beverages or products containing alcohol.

and

**REQUEST NO. 14:** Documents and Communications exchanged with the City of Las Vegas, or any department or agency thereof, relating to obtaining a license to conduct business in the City of Las Vegas, including but not limited to any license relating to the production, distribution, import, export and/or sale of alcohol or products containing alcohol.

and

**REQUEST NO. 15:** Documents and Communications exchanged with the City of Las Vegas, or any department or agency thereof, relating to maintaining a license to conduct business in the City of Las Vegas, including but not limited to any license relating to the production, distribution, import, export and/or sale of alcohol or products containing alcohol.

9

and

**REQUEST NO. 16:** Communications with the City of Las Vegas or any department or agency thereof relating to alcoholic beverages or products containing alcohol.

Defendants' Response to No.s 11-16:   NONE. All documents related to the Nevada operations were either in the possession of Jason Isaacs or abandoned when Jason Isaacs was terminated for incompetence and self-dealing when the Nevada operations were shut down.

Plaintiffs' Position:

Defendants failed to explain the allegation that the simply "abandoned" documents. In the context of electronically stored information, it is unclear how they could have done so. Additionally, the Defendants' attempt to throw a non-party under the proverbial bus to evade discovery.   The Defendants advertise that Defendant Joseph Isaacs is the Chief Executive Officer of BPCC and, thus, the individual in control.  Joseph Isaacs also led and operated R.E. Flipz and its manager, Ruskaboy Holdings.    Joseph Issacs profile on the company website (https://www.buzzpopcocktails.com/main-buzz/joseph-isaacs-ceo) states that, as CEO, he "is leading the charge" and has "taken on the responsibilities of the company's senior management." Thus, licensing issues appear to be in keeping with his role.

In contrast, the Defendants have portrayed Jason Isaacs as a chef-employee who was fired by his own father, the CEO, for incompetence.  Defendants have offered no credible explanation for why the chef overseeing the making of the product would also be undertaking a legal compliance role.  More incredibly, the Defendants have offered no explanation for how the chef would have been able to abscond with all electronic copies of the licensing information, leaving no electronic trail at the company.

10

The Defendants' response is evasive.  Consequently, the Plaintiffs request that the Court order the Defendants to either produce all responsive documents and/or allow a forensic inspection of their electronic devices toward an independent, objective search and collection for the requested documents, as to which the Defendants shall pay all associated fees and costs.

**REQUEST NO. 30:**  All advertisements for Buzz Pop Cocktails that refer to 10% alcohol by volume (ABV).

 and

**REQUEST NO. 31:** Documents sufficient to show the date upon which You first published an advertisement for Buzz Pop Cocktails that referred to 10% alcohol by volume (ABV).

Defendants' Response to No.s 30-31:  NONE in relation to Plaintiffs.

Plaintiffs' Position: The Defendants' response is evasive, as it fails to state unequivocally that they have no documents.  Their answer is qualified with "in relation to Plaintiffs," indicating that they have documents but they feel that they do not "relate" to the Plaintiffs for some unstated reason.  The phrase is clearly used as a tactic to evade the full scope of the discovery requested.  Consequently, the Plaintiffs request that the Court order the Defendants to either produce all responsive documents and/or allow a forensic inspection of their electronic devices toward an independent, objective search and collection for the requested documents, as to which the Defendants shall pay all associated fees and costs.

**REQUEST NO. 32:** All Documents and Communications relating to Buzz Pop Cocktails that refer to a change from 15% alcohol by volume to 10% alcohol by volume.

Defendants' Response:  NONE.

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

<u>Plaintiffs' Position</u>:

The Defendants would like the Plaintiff and this Court that a change in formula, labeling and advertising of an alcoholic cocktail product emanated no documents or communications. This simply is not credible. Alcoholic beverage products require formula approval and a certificate of label approval from the federal government's Alcohol and Tobacco Tax and Trade Bureau ("TTB"). That process alone would have generated documents and communications. Packaging changes, advertising changes, website content changes, etc.—to name a few activities affected by a change in ABV from 15% to 10%—would have also resulted in documents and communications. Consequently, the simple response of "none" appears to be incredible and evasive. Therefore, the Plaintiffs request that the Court order the Defendants to either produce all responsive documents and/or allow a forensic inspection of their electronic devices toward an independent, objective search and collection for the requested documents, as to which the Defendants shall pay all associated fees and costs.

**REQUEST NO. 35:** For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents that show it contained at least fifteen percent (15%) alcohol by volume during the Relevant Time Period.

and

**REQUEST NO. 36:** For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents that show it contained less than fifteen percent (15%) alcohol by volume during the Relevant Time Period.

and

**REQUEST NO. 62:** For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents sufficient to show it contained top-shelf, premium alcohol during the Relevant Time Period.

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

and

**REQUEST NO. 87:** Documents that show that Buzz Pop Cocktails was the first, or original, AIP to be offered to consumers.

and

**REQUEST NO. 119:** Documents sufficient to show Your first order of packaging relating to Buzz Pop Cocktails.

and

**REQUEST NO. 120:** Documents sufficient to show the date on which You received Your first order of packaging which displayed the name Buzz Pop Cocktails and all information required by law.

and

**REQUEST NO. 122:** Documents sufficient to identify the time period or dates upon which You used a test kitchen.

and

**REQUEST NO. 148:**  All agreements between You and Jason Isaacs relating to Buzz Pop Cocktails.


Defendants' Response to No.s 35-36, 62, 87, 119, 120, 122 and 148:  NONE. These documents were taken or destroyed by Jason Isaacs at the time of his termination.

Plaintiffs' Position:

Again, with no showing, the Defendants' attempt to throw a non-party under the proverbial bus to evade discovery.  The Defendants advertise that Defendant Joseph Isaacs is the Chief Executive Officer of BPCC and, thus, the individual in control.  Joseph Isaacs also led and operated R.E. Flipz and its manager, Ruskaboy Holdings.  Joseph Issacs profile on the company website (https://www.buzzpopcocktails.com/main-buzz/joseph-isaacs-ceo) states that, as CEO, he "is leading the charge" and has "taken on the responsibilities of the company's senior management." Thus, all records of the company would be under his control. The Defendants' portrayal of Jason Isaacs, the creator of the product, as a terminated employee does not change such.  The Defendants have offered no credible explanation for how all of the Defendants' electronic copies of the

13

requested documents were destroyed by the CEO's son. Furthermore, as stated above, alcoholic beverage products require formula approval and a certificate of label approval from the TTB. That process alone would have generated documents and communications, which would be within the Defendants' possession, custody or control.

Similarly, the Defendant CEO would like the Plaintiffs and the Court to believe—without explanation—that despite with 40 years of experience running companies that he has so poorly run the Defendant companies that he does not have any record of the agreements entered into or purchases made. The Defendants' response is incredible and evasive. Consequently, the Plaintiffs request that the Court order the Defendants to either produce all responsive documents and/or allow a forensic inspection of their electronic devices toward an independent, objective search and collection for the requested documents, as to which the Defendants shall pay all associated fees and costs.

**REQUEST NO. 64:** Documents sufficient to show that You are, or were during the Relevant Time Period, a veteran-owned business, including but not limited to Department of Defense form DD214.

Defendants' Response: NONE.

Plaintiffs' Position:

In light of the Defendants' response to Request No. 65, their statement here that they have no responsive documents is simply incredible. In response to Request No. 65, the Defendants indicated that they would produce documents to show what they submitted to Google to gain an award meant for veteran-owned businesses. However, here with respect to Request No. 64, which requests documents to show veteran status, the Defendants allege they have no responsive documents. There is an unexplained incongruity that indicates the Defendants are evading this

14

discovery request.  It would seem impossible to be receive a veteran related award without a demonstration of veteran status.  Consequently, the Plaintiffs request that the Court order the Defendants to either produce all responsive documents and/or allow a forensic inspection of their electronic devices toward an independent, objective search and collection for the requested documents, as to which the Defendants shall pay all associated fees and costs.

**REQUEST NO. 73:**  All Documents and Communications exchanged between You and Platia Greek Food relating to Buzz Pop Cocktails.

Defendants' Response:  NONE.

Plaintiffs' Position:

Platia Greek Food is a mobile vendor in South Carolina and known to be a customer of the Defendants, purchasing Buzz Pop Cocktails products to sell out of its food trucks.  It would seem impossible for the Defendants to sell to a customer without generating any documents or communications.  The Defendants offered no explanation for how or why they would have no responsive documents in this category.  Consequently, the Plaintiffs request that the Court order the Defendants to either produce all responsive documents and/or allow a forensic inspection of their electronic devices toward an independent, objective search and collection for the requested documents, as to which the Defendants shall pay all associated fees and costs.

**REQUEST NO. 113:**  Documents sufficient to show the first date upon which You provided consumers with the opportunity to purchase Buzz Pop Cocktails through the website located at https://www.buzzpopcocktails.com/ .

Defendants Response:  NONE.

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

<u>Plaintiffs' Position</u>:

The Defendants offered no explanation for how or why they would have no responsive documents relating to the launch of their online store. Online stores do not simply arise from nowhere; they have to be designed, created, tested and launched. Thus, the Defendants' naked assertion that there are no responsive documents is incredible. Consequently, the Plaintiffs request that the Court order the Defendants to either produce all responsive documents and/or allow a forensic inspection of their electronic devices toward an independent, objective search and collection for the requested documents, as to which the Defendants shall pay all associated fees and costs.

**<u>REQUEST NO. 132</u>:** Documents sufficient to show all real property purchased by You relating to Buzz Pop Cocktails.

<u>Defendants Response</u>: NONE.

<u>Plaintiffs' Position</u>:

Even on the simplest of requests, the Defendants could not help but to try to evade the request. However, their evasive response is demonstrably false. Buzz Pop Cocktails Corporation purchased property located at 4407 Buena Vista Lane, Holiday, FL 34691. A warranty deed was provided to Buzz Pop Cocktails Corporation, and per tax records, the parcel identification number is 31-26-16-0180-00000-0025. Exhibit 6. The Plaintiffs should be able to trust the veracity of the Defendants responses without having to dig through public records to confirm the truth or falsity of the responses. However, the Defendants' response to this request demonstrates that such trust should not be extended. Therefore, the Plaintiffs request that the Court order the Defendants to either produce all responsive documents and/or allow a forensic inspection of their electronic

16

devices toward an independent, objective search and collection for the requested documents that fall into this category, as to which the Defendants shall pay all associated fees and costs.

**REQUEST NO. 188:**  All Documents provided to potential investors regarding any product or service named Buzz Pop Cocktails.

Defendants Response:  NONE. Except see franchise offering documents.

Plaintiffs' Position:

The Defendants very publicly sought investors at trade or investor shows and conventions. Nevertheless, the Defendants could not help but to try to evade this request. *See e.g.*, https://www.youtube.com/watch?v=MP5o7uz04vs.    The Defendants also have an investor portal on their website  https://www.buzzpopcocktails.com/investor-portal.    Nevertheless, the Defendants offered no explanation for how or why they would have no responsive documents relating to materials that they provided to potential investors.  It is simply not credible that the Defendants would have been able to seek investors without actually providing them with any documents and information.

Finally, with reference to Defendants statement that the Plaintiffs should "see franchise offering documents," that would be impossible given that the Defendants have not produced a single document in this case.

Therefore, the Plaintiffs request that the Court order the Defendants to either produce all responsive documents and/or allow a forensic inspection of their electronic devices toward an independent, objective search and collection for the requested documents that fall into this category, as to which the Defendants shall pay all associated fees and costs.

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

**REQUEST NO. 194:**  Documents sufficient to show the reason(s) Real Estate Flipz LLC was dissolved.

    <u>Defendants Response</u>:  NONE.

    <u>Plaintiffs' Position</u>:

    The Defendants offered no explanation for how or why they would have no responsive documents relating to the reasons that Real Estate Flipz LLC was dissolved.  Companies, particularly companies with investors, do not typically get dissolved in a vacuum and without communication and documents discussing the reasons therefore.  Thus, the Defendants' naked assertion that there are no responsive documents is incredible.  Consequently, the Plaintiffs request that the Court order the Defendants to either produce all responsive documents and/or allow a forensic inspection of their electronic devices toward an independent, objective search and collection for the requested documents, as to which the Defendants shall pay all associated fees and costs.

## B.  DEFENDANTS' GENERAL OBJECTIONS

    In their "preliminary Objections," the Defendants assert several general objections, which are ineffective and inapplicable as to any particular request.  Nevertheless, the Plaintiffs take particular note of the following objections and state their position as to each below:

    **<u>Defendants' General Objection of "Per se burdensome"</u>**:  The Defendants object to the overall number of requests, stating: "the Respondents are a small business just as are the Plaintiffs.  Propounding, as an initial request to produce in this matter, more than 200 requests for every type and kind of document from dozens of sources is *per se* burdensome, harassing, unnecessary. . ."  Ex. 5, Am.Resp., at p. 2.

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

<u>Plaintiffs' Position</u>:

Defendants waived all objections by failing to respond timely by November 2nd.  However, even if timely, boilerplate or non-specific objections are ineffective and, instead, treated as an evasive failure to disclose. *See U.S. v. Town of Irmo, S.C.*, 2020 WL 1025686, at *2 (D.S.C. Mar. 3, 2020).  Moreover, the Defendants failed to support their boilerplate objection with any rule or precedent.  Finally, given that there are eleven different counts in the Complaint, the first set of requests amounts to approximately 20 requests per count, which is not unreasonable.  If the Defendants' consolidated case were factored into the equation, it would be even less.  Accordingly, the Plaintiffs request that the Court overrule the Defendants' unsupported "per se burdensome" objection.

**<u>Defendants' Redefining of the Relevant Time Period</u>**:  The Plaintiffs' Definition no. 3, set for the the following definition:  The term "Relevant Time Period" shall mean from January 1, 2016 through the present date."  Without objection to such, the Defendants nevertheless redfined the relevant time period by stating its own definition, as follows: "The relevant time-period is no earlier than January 1, 2018 through no later than February 11, 2020."  Ex. 5, Am.Resp., at p. 2.

<u>Plaintiffs' Position</u>:

The Defendants waived any objection that they had to the defined relevant time-period by failing to respond timely, and by also failing to actually state a specific objection to the Plaintiff's defined time-period.  Furthermore, the defined Relevant Time Period is narrowly tailored to the issues across the Plaintiffs' eleven-count Complaint.  For example, with respect to the trademark issues, the Plaintiffs must be afforded the opportunity to discover facts dating back to January 1,

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

2016, given that the Defendants contend that they first began use in commerce of the trademark as early as April 1, 2016. *See* Ex. B to Defendant's/Consolidated-Plaintiff's Second Amended Complaint. Consequently, the Plaintiffs request that the Court overrule the Defendants' re-definition of the Relevant Time Period."

## IV.    DEFENDANTS' PROMISE THAT DOCUMENTS "WILL BE PRODUCED"

Approximately forty-nine times throughout its written response, the Defendants agreed that responsive documents "will be produced." *E.g.*, Responses to Request No.s 1, 4, 17-22, 28-29, 33, 57, 61, 65-71, 80, 91-93, 100-112, 118, 121, 131, 138-139, 150-151, 156-157, 180, 192, and 197. However, to date, the Plaintiffs have failed to produce a single document in response to Plaintiffs' First Set of Requests for Production. Therefore, the Plaintiffs request that the Court order the Defendants to immediately produce the documents responsive to Requests No.s 1, 4, 17-22, 28-29, 33, 57, 61, 65-71, 80, 91-93, 100-112, 118, 121, 131, 138-139, 150-151, 156-157, 180, 192, and 197.

## V.    CONCLUSION

WHEREFORE, the Plaintiffs respectfully request that the Court compel the Defendants to make full, complete and non-evasive disclosures and, accordingly, produce all responsive documents and/or allow a forensic inspection of their electronic devices toward an independent, objective search and collection for the requested documents, as to which the Defendants shall pay all associated fees and costs. The Plaintiffs also respectfully request that the Court award the

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

Defendants their reasonable attorneys' fees and expenses associated with the making of this Motion.

Dated: December 4, 2020

Respectfully submitted,

**Feldman & Latham, LLP** *d/b/a* **TRAILBLAZER**
*Lead counsel for Plaintiffs* [*]

By: _/s_ *Susan J. Latham*_____

Susan J. Latham, Esq. / Fla. Bar no. 687391
*pro hac vice*
Email: slatham@trailblazerlaw.com
1200 Brickell Avenue, Penthouse 1900
Miami, Florida 33131
Telephone: 305-222-7851
Facsimile: 305-760-4193

[*] *In association with the following local counsel:*

**Wills Massalon & Allen LLC**

By:_/s_ *Christy Ford Allen*_____

Christy Ford Allen / SC Federal Bar no. 07549
Email: callen@wmalawfirm.net
97 Broad Street
Charleston, South Carolina 29401
Telephone: 843-727-1144
Facsimile: 843-727-7696

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  _s/ Christy Ford Allen____

## SERVICE LIST

*Booze Pops, LLC v. Buzz Pop Cocktails Corporation*
United States District Court, District of South Carolina
Case No.: 2:20-cv-00691-RMG

Via CM/ECF:

David P. Reiner, II (Fla. Bar no. 416400)
**REINER & REINER, P.A.**
9100 South Dadeland Boulevard, Suite 901
Miami, Florida 33156-7815
Telephone: 305-670-8282
Facsimile: 305-670-8989
E-mail: dpr@reinerslaw.com

and

Russell Jeter, Fed. Bar No. 2178
**THE JETER LAW FIRM, LLC**
1531 Blanding Street
P.O. Box 7425 (29201)
Columbia, South Carolina 29201
Telephone: 803-765-0600
E-mail: rj@jeterlawsc.com

*Attorneys for Defendants*

Feldman & Latham, LLP *d/b/a* TRAILBLAZER
1200 Brickell Avenue, Penthouse 1900 Miami, Florida 33131 www.trailblazerlaw.com