# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Case No.: 2:20-cv-00691-RMG

(Consolidated with 2:20-cv-2841-RMG)

BOOZE POPS LLC, a South Carolina limited
liability company, *et al*.

       Plaintiffs,

v.

BUZZ POP COCKTAILS CORPORATION,
a Florida corporation, *et al*.

       Defendants

_____/

BUZZ POP COCKTAILS CORPORATION,
a Florida corporation,

       Plaintiff,

v.

BOOZE POPS LLC, a South Carolina limited
liability company,

       Defendant

_____/

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs ("Booze Pops" or the "Requesting Parties") request that the Defendants, Real Estate Flipz, LLC, Buzz Pop Cocktails Corporation, and Joseph Issacs ("Defendants" or "Responding Parties") produce for inspection and copying the documents and things requested herein, within the time provided under the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      The terms "You" shall refer to each Defendant in Case No. 2:20-cv-00691-RMG and its employees, principals, directors, managers, officers, owners, partners, agents, representatives, attorneys, divisions, subsidiaries, affiliated companies; and any other person acting on behalf of, at the direction of, under contractual agreement with, and/or otherwise under your control.

2.      The terms "this case," "this lawsuit," or "this action" shall refer to the dispute at issue in Case no. 2:20-cv-00691-RMG in the U.S. District Court, District of South Carolina, along with any case that is consolidated therewith, including Case no. 2:20-cv-2841-RMG.

3.      The term "Relevant Time Period" shall mean from January 1, 2016 through the present date.

4.      The term "AIP" shall refer to an alcohol-infused popsicle.

5.      The term "Buzz Pop Cocktails" shall refer to any AIP product that You offer in commerce under the name Buzz Pop Cocktails.

6.      The term "BPCC's Marks" shall mean and include all trademarks referred to in this action as being used by You and/or any other Defendant in this lawsuit in connection with alcohol infused popsicles, mobile vending of alcohol-infused popsicles, franchising services, and/or any related goods or services, including but not limited to any registrations of such marks with the United States Patent and Trademark Office.

7.      The term "ERSA" shall mean the Exclusive Retail Sales Agreement dated May 17, 2018, which is attached as Exhibit 9 to the Complaint in this action.

8.      The term "advertisement" as used herein means each original promotional item, document or other material used in the advertising or promoting of the good and services offered

under the name Buzz Pop Cocktails, including but not limited to any videos, television commercials, brochures, press releases, pamphlets, flyers, posters, labels, social media posts, electronic mail ("e-mail"), hyperlinks placed on third-party or affiliated websites, letters, newsletters, booklets, pitch books, scripts or notes for oral statements made in person or over the telephone, and/or advertisements triggered by key word searches on search engines.

9.      The term "advertising" as used herein means marketing activities, promotional activities, social media campaigns, sponsored advertising on search engines, hyperlinks appearing on third-party or affiliated websites, electronic mail campaigns, traditional print media campaigns, key word purchases on search engines, and/or any other activity designed to capture an audience's attention.

10.     The terms "and" and "or", as well as the term "and/or" shall each be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside of its scope.

11.     The term "any" shall include "all", and the term "all" shall include "any."

12.     "Communication" shall mean the act or fact of exchanging information between or among more than one person, and shall include, without limitation, face-to-face meetings, interviews, conversations, telephone calls, letters, memoranda, electronic mail transmissions and hard copies thereof, facsimile transmissions, telegrams, telexes, computerized communications and data transfers of all kinds, voice mail messages, and all other means by which information, data, language, or documents are transmitted, passed, or otherwise conveyed from one or more persons or entities to one or more other persons or entities.

13.     "Document" is used herein in its customarily broad sense as established in Federal Rule of Civil Procedure 34(a)(1), and shall mean all writings or recordings of any kind, whether

comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, including without limitation the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies, any attachments to such copies, or otherwise, and any preliminary versions, drafts, annotated and otherwise non-identical copies of such documents.  "Document" shall also include electronically stored information ("ESI").

14.     The term "Electronically Stored Information" or "ESI" is used herein to describe any information created, stored, or best utilized with electronic and/or computerized technology of any type, including but not limited to: data; word-processing documents; spreadsheets; presentations; lectures; graphics; animations; images; e-mail and instant messages (including attachments); audio; video; audiovisual recordings; and voicemails, which are stored in a computer-readable format and/or either on or in some electronic device, including but not limited to a computer; computer network; computer system; server; electronic or computerized archive; back-up or disaster recovery system; disc; diskette; CD; DVD; hard drive; optical disk; removable drive, portable drive, thumb drive, tape, cartridge and/or other storage media; printer; the Internet; personal digital assistant; handheld wireless device; cellular telephone; pager; fax machine; and/or voicemail system.

15.     The terms "evidence" or "evidencing" shall be construed, without limitation, to include proving, evincing, showing, attesting to, confirming, corroborating, documenting, substantiating, validating, authenticating, identifying, verifying, illustrating, or otherwise providing support for the truth or accuracy of a claim or matter.

16.     The term "FDA" shall mean the United States Food and Drug Administration.

17.     The term "identify" when used in reference to any natural person means to state his or her full name, present or last known address, and his or her present or last known employment

position and business affiliation.  When used in reference to a person other than a natural person, "identify" means to state the type of entity it is, *e.g.* corporation, partnership, limited partnership, its name, and the present or last known address of its principal place of business.

18.    The term "including" shall be construed as "including but not limited to."

19.    The term "mobile vending" shall mean the marketing, offering and/or sale of products from any motorized or non-motorized vehicle, trailer, kiosk, stand or other device designed to be portable and intended to be either situated in a location temporarily and/or is capable of being moved from one location to another.

20.    The term "mobile vendor" shall refer to an person or other entity that engages in mobile vending.

21.    "Person" shall mean any natural person, corporate or other business entity, partnership, group, association, governmental entity, or any other legal or *de facto* organization, together with their officers, directors, employees, partners, agents or other entities acting on their behalf.

22.    The terms "refer to" or "referring to" shall be construed, without limitation, to include commenting upon, concerning, considering, describing, disclosing, discussing, explaining, identifying, memorializing, mentioning, pertaining to, reflecting, relating to, arising out of or in connection with, analyzing, comprising, constituting, containing, denying, evidencing, representing, setting forth, showing, studying, substantiating, supporting, summarizing, underlying, or having any logical, legal or factual connection with the subject matter, whether in whole or in part.

23.    The term "TTB" shall refer to the Alcohol and Tobacco Tax and Trade Bureau under the U.S. Department of the Treasury.

24.     The term "USPTO" shall mean the United States Patent and Trademark Office.

25.     The term "TTAB" shall mean the Trademark Trial and Appeals Board of the United States Patent and Trademark Office.

26.     The term "use in commerce" shall have the meaning given to that term in 15 U.S.C. § 1127.

27.     The use of any masculine pronoun herein shall include the feminine and the neuter. Similarly, the use of any feminine pronoun shall include the masculine and the neuter, and the use of any neuter pronoun shall include the masculine and the feminine.

28.     The use of any singular construction shall include the plural, and the use of the plural shall include the singular.

### INSTRUCTIONS

As part of your obligations under the Federal Rules of Civil Procedure:

1.     If a Request calls for documents or things relating to sales and promotion, unless otherwise stated, such Request only seeks documents and things relating to sales and promotion occurring within the United States.

2.     Rule 34 of the Federal Rules of Civil Procedure instructs that your responses must be served upon Requesting Party's counsel within thirty (30) days after service of these Requests.

3.     Rule 26(e) of the Federal Rules of Civil Procedure instructs that these requests are deemed to be continuing and require You to serve further and supplemental response(s) in the event that You or any person acting on your behalf, obtains or discovers additional documents or information that may augment or otherwise modify its responses hereto, between the time of initial response and the time discovery closes.

4.      S.D.Fla. Local Rule 26.1(g)(3)(B) instructs that, for all information withheld on a claim of privilege, You must furnish a privilege log identifying the information or communication for which the privilege is claimed, which must contain sufficient detail to identify the document or ESI for a subpoena duces tecum and/or allow the Requesting Party and the Court to determine whether a privilege exists and the scope of any privilege.

5.      If any document was, but is no longer in your possession or subject to your control or in existence, state whether:

        a.      It is missing or lost;
        b.      It has been destroyed;
        c.      It has been transferred, voluntarily or involuntarily, to another; or
        d.      It has been disposed of otherwise.

Additionally, explain the circumstances surrounding such disposition and identify the person or persons directing or authorizing the same and the date or dates thereof.  Identify each document by listing its author and his/her address, the type of document, date, subject matter, present location and custodian, and whether the document or copies are still in existence.

## DOCUMENT REQUESTS

**1.      REQUEST:**
All Communications with Booze Pops LLC.

**2.      REQUEST:**
All Communications with Booze Pops Corporate LLC.

**3.      REQUEST:**
All Communications with Booze Pops Distribution LLC.

**4.      REQUEST:**
All Communications with Woodrow Norris.

**5.      REQUEST:**
All Communications with third-parties relating to Booze Pops LLC.

**6.    REQUEST:**

All Communications with third-parties relating to Booze Pops Corporate LLC.

**7.    REQUEST:**

All Communications with third-parties relating to Booze Pops Distribution LLC.

**8.    REQUEST:**

All Communications with third-parties relating to Woodrow Norris.

**9.    REQUEST:**

All applications for licenses, permits, or other government authorizations relating to Buzz Pop Cocktails, whether submitted to the federal government or any state or local government.

**10.    REQUEST:**

Documents sufficient to identify each license, permit or other government authorization relating to Buzz Pop Cocktails that You have been granted—whether by the federal government or any state or local government—the date it became effective, any period of its suspension, any renewal thereof, and its present status.

**11.    REQUEST:**

Documents and Communications exchanged with the State of Nevada or any department or agency thereof relating to obtaining a license to conduct business in the State of Nevada, including but not limited to any license relating to the production, distribution, import, export and/or sale of alcohol or products containing alcohol.

**12.    REQUEST:**

Documents and Communications exchanged with the State of Nevada or any department or agency thereof relating to maintaining a license to conduct business in the State of Nevada, including but not limited to the maintaining of any license relating to the production, distribution, import, export and/or sale of alcohol or products containing alcohol.

**13.    REQUEST:**

Communications with the State of Nevada or any department or agency thereof relating to alcoholic beverages or products containing alcohol.

**14.    REQUEST:**

Documents and Communications exchanged with the City of Las Vegas, or any department or agency thereof, relating to <u>obtaining</u> a license to conduct business in the City of Las Vegas, including but not limited to any license relating to the production, distribution, import, export and/or sale of alcohol or products containing alcohol.

**15.    REQUEST:**

Documents and Communications exchanged with the City of Las Vegas, or any department or agency thereof, relating to <u>maintaining</u> a license to conduct business in the City of Las Vegas, including but not limited to any license relating to the production, distribution, import, export and/or sale of alcohol or products containing alcohol.

**16.    REQUEST:**

Communications with the City of Las Vegas or any department or agency thereof relating to alcoholic beverages or products containing alcohol.

**17.    REQUEST:**

Documents and Communications exchanged with the State of Florida or any department or agency thereof relating to <u>obtaining</u> a license to conduct business in the State of Florida, including but not limited to any license relating to the production, distribution, import, export and/or sale of alcohol or products containing alcohol.

**18.    REQUEST:**

Documents and Communications exchanged with the State of Florida or any department or agency thereof relating to <u>maintaining</u> a license to conduct business in the State of Florida, including but not limited to the maintaining of any license relating to the production, distribution, import, export and/or sale of alcohol or products containing alcohol.

**19.    REQUEST:**

All Communications with the State of Florida or any department or agency thereof relating to alcoholic beverages or products containing alcohol.

**20.    REQUEST:**

Documents and Communications exchanged with the State of South Carolina or any department or agency thereof relating to <u>obtaining</u> a license to conduct business in the State of South Carolina, including but not limited to any license relating to the production, distribution, import, export and/or sale of alcohol or products containing alcohol.

**21.**  **REQUEST:**

Documents and Communications exchanged with the State of South Carolina or any department or agency thereof relating to <u>maintaining</u> a license to conduct business in the State of South Carolina, including but not limited to the maintaining of any license relating to the production, distribution, import, export and/or sale of alcohol or products containing alcohol.

**22.**  **REQUEST:**

All communications with the State of South Carolina or any department or agency thereof relating to alcoholic beverages or products containing alcohol.

**23.**  **REQUEST:**

All Communications with the TTB relating to alcoholic beverages or products containing alcohol, including but not limited to Buzz Pop Cocktails.

**24.**  **REQUEST:**

All Documents and things that You provided to the TTB relating to Buzz Pop Cocktails.

**25.**  **REQUEST:**

Documents and Communications exchanged with any laboratory relating to Buzz Pop Cocktails.

**26.**  **REQUEST:**

Documents and Communications relating to any testing or analysis of Buzz Pop Cocktails, including but not limited to results and reports of results.

**27.**  **REQUEST:**

All Communications with Jason Isaacs referring to the alcohol by volume of Buzz Pop Cocktails.

**28.**  **REQUEST:**

All advertisements for Buzz Pop Cocktails that refer to 15% alcohol by volume (ABV).

**29.**  **REQUEST:**

Documents sufficient to show the date upon which You first published an advertisement for Buzz Pop Cocktails that referred to 15% alcohol by volume (ABV).

**30.    REQUEST:**

All advertisements for Buzz Pop Cocktails that refer to 10% alcohol by volume (ABV).

**31.    REQUEST:**

Documents sufficient to show the date upon which You first published an advertisement for Buzz Pop Cocktails that referred to 10% alcohol by volume (ABV).

**32.    REQUEST:**

All Documents and Communications relating to Buzz Pop Cocktails that refer to a change from 15% alcohol by volume to 10% alcohol by volume.

**33.    REQUEST:**

Documents sufficient to identify each variety of Buzz Pop Cocktails that has been advertised during the Relevant Time Period.

**34.    REQUEST:**

Documents sufficient to identify each variety of Buzz Pop Cocktails that has been sold during the Relevant Time Period.

**35.    REQUEST:**

For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents that show it contained at least fifteen percent (15%) alcohol by volume during the Relevant Time Period.

**36.    REQUEST:**

For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents that show it contained less than fifteen percent (15%) alcohol by volume during the Relevant Time Period.

**37.    REQUEST:**

For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents that show it contained at least ten percent (10%) alcohol by volume during the Relevant Time Period.

**38.    REQUEST:**

For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents that show it contained less than ten percent (10%) alcohol by volume during the Relevant Time Period.

**39.    <u>REQUEST</u>:**

Documents sufficient to identify the specific alcohol by volume contained in each variety of Buzz Pop Cocktails during the Relevant Time Period.

**40.    <u>REQUEST</u>:**

For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents sufficient to show it contained fresh fruit during the Relevant Time Period.

**41.    <u>REQUEST</u>:**

Documents sufficient to show which varieties of Buzz Pop Cocktails did **not** contain fresh fruit during the Relevant Time Period.

**42.    <u>REQUEST</u>:**

For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents sufficient to show it was fat free during the Relevant Time Period.

**43.    <u>REQUEST</u>:**

Documents sufficient to show which varieties of Buzz Pop Cocktails were **not** fat free during the Relevant Time Period.

**44.    <u>REQUEST</u>:**

Documents sufficient to identify when and how the fat content of each variety of Buzz Pop Cocktails was determined.

**45.    <u>REQUEST</u>:**

For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents sufficient to show it contained under 100 calories during the Relevant Time Period.

**46.    <u>REQUEST</u>:**

Documents sufficient to show which varieties of Buzz Pop Cocktails contained **more than** 100 calories during the Relevant Time Period.

**47.    <u>REQUEST</u>:**

Documents sufficient to identify the calories contained in each variety of Buzz Pop Cocktails during the Relevant Time Period.

**48.    REQUEST:**

Documents sufficient to identify when and how the calorie content of each variety of Buzz Pop Cocktails was determined.

**49.    REQUEST:**

For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents sufficient to show it was healthful during the Relevant Time Period.

**50.    REQUEST:**

Documents sufficient to show which varieties of Buzz Pop Cocktails were **not** healthful during the Relevant Time Period.

**51.    REQUEST:**

Documents sufficient to identify when and how the healthful nature of each variety of Buzz Pop Cocktails was determined.

**52.    REQUEST:**

For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents sufficient to show it was gluten-free during the Relevant Time Period.

**53.    REQUEST:**

Documents sufficient to show which varieties of Buzz Pop Cocktails were **not** gluten-free during the Relevant Time Period.

**54.    REQUEST:**

Documents sufficient to identify when and how each variety of Buzz Pop Cocktails was determined to be gluten-free.

**55.    REQUEST:**

For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents sufficient to show it was certified kosher during the Relevant Time Period.

**56.    REQUEST:**

Documents sufficient to show which varieties of Buzz Pop Cocktails were **not** certified kosher during the Relevant Time Period.

13

**57.   REQUEST:**

Documents sufficient to identify when and how each variety of Buzz Pop Cocktails was certified kosher.

**58.   REQUEST:**

For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents sufficient to show it was vegan during the Relevant Time Period.

**59.   REQUEST:**

Documents sufficient to show which varieties of Buzz Pop Cocktails were **not** vegan during the Relevant Time Period.

**60.   REQUEST:**

Documents sufficient to identify when and how each variety of Buzz Pop Cocktails was determined to be vegan.

**61.   REQUEST:**

In relation to Your advertisements that contain the term "top shelf," Documents sufficient to show what You believe to be the definition of "top shelf."

**62.   REQUEST:**

For each variety of Buzz Pop Cocktails that has been advertised and/or sold during the Relevant Time Period, Documents sufficient to show it contained top-shelf, premium alcohol during the Relevant Time Period.

**63.   REQUEST:**

Documents sufficient to show which varieties of Buzz Pop Cocktails did **not** contain top-shelf, premium alcohol during the Relevant Time Period.

**64.   REQUEST:**

Documents sufficient to show that You are, or were during the Relevant Time Period, a veteran-owned business, including but not limited to Department of Defense form DD214.

**65.   REQUEST:**

All Documents submitted to Google relating to being a veteran-owned business.

**66.   REQUEST:**

All Communications with Google relating to being a veteran-owned business.

**67.    REQUEST:**

All awards or accolades that You received from Google relating to being a veteran-owned business.

**68.    REQUEST:**

All Communications with Stefani J. Germanotta, *a/k/a* Lady Gaga, and/or her representative(s) relating to Buzz Pop Cocktails.

**69.    REQUEST:**

All agreements between You and Stefani J. Germanotta, *a/k/a* Lady Gaga, relating to Buzz Pop Cocktails.

**70.    REQUEST:**

All Communication with the National Academy of Recording Arts & Sciences, Inc., *a/k/a* the Recording Academy or its representative(s) relating to Buzz Pop Cocktails and the 62nd Annual Grammy Awards and/or the Recording Academy's intellectual property.

**71.    REQUEST:**

All agreements between You and the National Academy of Recording Arts & Sciences, Inc., *a/k/a* the Recording Academy, relating to Buzz Pop Cocktails and the 62nd Annual Grammy Awards and/or the Recording Academy's intellectual property.

**72.    REQUEST:**

All Advertisements that refer to Booze Pops, including but not limited to social media posts.

**73.    REQUEST:**

All Documents and Communications exchanged between You and Platia Greek Food relating to Buzz Pop Cocktails.

**74.    REQUEST:**

All Documents and Communications exchanged between You and any mobile vendor of Buzz Pop Cocktails, which relate to Buzz Pop Cocktails.

**75.    REQUEST:**

All Documents and Communications exchanged between You and Joshua Boesch relating to Buzz Pop Cocktails.

**76.    REQUEST:**

All Documents and Communications exchanged between You and Buzz Pop Cocktails of Columbia, LLC relating to Buzz Pop Cocktails.

**77.    REQUEST:**

Documents sufficient to show the date upon which You first began to develop a franchise opportunity relating to Buzz Pop Cocktails.

**78.    REQUEST:**

All franchise disclosure documents relating to Buzz Pop Cocktails.

**79.    REQUEST:**

All documents that You have filed with any governmental body—whether state or federal—which regard a franchise opportunity relating to Buzz Pop Cocktails.

**80.    REQUEST:**

All Franchise Agreements relating to Buzz Pop Cocktails.

**81.    REQUEST:**

Documents sufficient to identify all franchisees who operate a franchise relating to Buzz Pop Cocktails.

**82.    REQUEST:**

All Communications that You have received, which express interest in a franchise opportunity relating to Buzz Pop Cocktails.

**83.    REQUEST:**

Any manuals or guides for operating a franchise relating to Buzz Pop Cocktails.

**84.    REQUEST:**

All invoices that You have issued to any franchisee who operates a franchise relating to Buzz Pop Cocktails.

**85.    REQUEST:**

Documents sufficient to show all payments that You have received from franchisees who operate a franchise relating to Buzz Pop Cocktails.

**86.    REQUEST:**

All financial reports relating to the operation of a franchise relating to Buzz Pop Cocktails.

**87.    REQUEST:**

Documents that show that Buzz Pop Cocktails was the first, or original, AIP to be offered to consumers.

**88.    REQUEST:**

Documents sufficient to show any change made to the recipe for any variety of Buzz Pop Cocktails for the purpose of altering its alcohol by volume.

**89.    REQUEST:**

Documents sufficient to show any change made to the recipe for any variety of Buzz Pop Cocktails for the purpose of altering its fat content.

**90.    REQUEST:**

Documents sufficient to show any change made to the recipe for any variety of Buzz Pop Cocktails for the purpose of altering its calorie content.

**91.    REQUEST:**

All Documents that support the April 1, 2016 date of first use in commerce stated in the USPTO Application having Serial No. 87270283.

**92.    REQUEST:**

All Documents that support the July 28, 2016 date of first use in commerce stated in the USPTO Application having Serial No. 87128586.

**93.    REQUEST:**

All Documents that support the July 28, 2016 date of first use in commerce stated in the USPTO Application having Serial No. 87238380.

**94.    REQUEST:**

All Communication relating to the USPTO Application having Serial No. 87270283 and the representations made therein.

**95.    REQUEST:**

All Communication relating to the USPTO Application having Serial No. 87128586 and the representations made therein.

**96.    REQUEST:**

All Communication relating to the USPTO Application having Serial No. 87238380 and the representations made therein.

**97.    REQUEST:**

All Communication relating to USPTO Registration No. 5467024.

**98.    <u>REQUEST</u>:**
All Communication relating to USPTO Registration No. 5425863.

**99.    <u>REQUEST</u>:**
All Communication relating to USPTO Registration No. 5274769.

**100.    <u>REQUEST</u>:**
Documents sufficient to show where and when Buzz Pop Cocktails was first offered to consumers in a manner that You believe was compliant with all applicable laws.

**101.    <u>REQUEST</u>:**
Documents sufficient to show where and when Buzz Pop Cocktails was first offered to consumers.

**102.    <u>REQUEST</u>:**
If Your response to the immediately preceding Request pertains to an offer to consumers other than as a sale or purchase, then please produce Documents sufficient to show where and when Buzz Pop Cocktails was first made available for purchase by consumers.

**103.    <u>REQUEST</u>:**
Documents sufficient to identify all locations where Buzz Pop Cocktails were offered in commerce on or before April 1, 2016.

**104.    <u>REQUEST</u>:**
Documents sufficient to identify all locations where Buzz Pop Cocktails were offered in commerce on or before July 28, 2016.

**105.    <u>REQUEST</u>:**
Documents sufficient to show that the Buzz Pop Cocktail product shown in the Specimen submitted to the USPTO on or about August 9, 2017 in support of Application Serial No. 87128586 was actually used in commerce on or before that date.

**106.    <u>REQUEST</u>:**
Documents sufficient to show that the Buzz Pop Cocktail product shown in the Specimen submitted to the USPTO on or about May 30, 2017 in support of Application Serial No. 87128586 was actually used in commerce on or before that date.

**107.    REQUEST:**

Documents sufficient to show that the Buzz Pop Cocktail product shown in the Specimen submitted to the USPTO on or about August 5, 2016 in support of Application Serial No. 87128586 was actually used in commerce on or before that date.

**108.    REQUEST:**

Documents sufficient to show that the Buzz Pop Cocktail product shown in the Specimen submitted to the USPTO on or about November 16, 2016 in support of Application Serial No. 87238380 was actually used in commerce on or before that date.

**109.    REQUEST:**

Documents sufficient to show that the Buzz Pop Cocktail product shown in the Specimen submitted to the USPTO on or about December 15, 2016 in support of Application Serial No. 87270283 was actually used in commerce on or before that date.

**110.    REQUEST:**

Documents sufficient to identify all domain names, which incorporate any of BPCC's Marks, that You have registered and/or own.

**111.    REQUEST:**

All Communications relating to the purchase of a domain name(s) which incorporate any of BPCC's Marks.

**112.    REQUEST:**

All agreements relating to any domain name(s) that incorporates any of BPCC's Marks.

**113.    REQUEST:**

Documents sufficient to show the first date upon which You provided consumers with the opportunity to purchase Buzz Pop Cocktails through the website located at https://www.buzzpopcocktails.com/

**114.    REQUEST:**

Documents sufficient to identify all States into which You have shipped Buzz Pop Cocktails in fulfillment of purchases made by consumers through the website located at https://www.buzzpopcocktails.com/

**115.    REQUEST:**

Documents sufficient to show that You are permitted to ship products containing alcohol into each State identified in the immediately preceding Request.

**116.    REQUEST:**

Documents sufficient to show that You are permitted to sell products containing alcohol on the website located at https://www.buzzpopcocktails.com/

**117.    REQUEST:**

Documents sufficient to identify all entities that have manufactured packaging in which Buzz Pop Cocktails have been offered in commerce.

**118.    REQUEST:**

Documents sufficient to identify the manufacturer of the packaging in which Buzz Pop Cocktails was first offered to consumers.

**119.    REQUEST:**

Documents sufficient to show Your first order of packaging relating to Buzz Pop Cocktails.

**120.    REQUEST:**

Documents sufficient to show the date on which You received Your first order of packaging which displayed the name Buzz Pop Cocktails and all information required by law.

**121.    REQUEST:**

Documents sufficient to identify any test kitchen that You have used.

**122.    REQUEST:**

Documents sufficient to identify the time period or dates upon which You used a test kitchen.

**123.    REQUEST:**

Documents sufficient to identify all formulas tested in relation to development of the product named Buzz Pop Cocktails.

**124.    REQUEST:**

Documents sufficient to identify when testing of product formulas relating to Buzz Pop Cocktails concluded and the formulas for Buzz Pop Cocktails was finalized for commercial production.

**125.    REQUEST:**

Documents sufficient to identify each product formula that You submitted to the federal government for review and/or testing.

**126.   REQUEST:**

For each product formula identified in response to Request No. 99, Documents sufficient to establish when the federal government completed its review and/or testing of it.

**127.   REQUEST:**

For each product formula identified in response to Request No. 99, Documents sufficient to show the findings arising from the federal government's review and/or testing of it.

**128.   REQUEST:**

Documents sufficient to identify each location where You have manufactured Buzz Pop Cocktails.

**129.   REQUEST:**

For each location identified in response to the immediately preceding Request, Documents sufficient to show the dates or time period during which You manufactured Buzz Pop Cocktails at that location.

**130.   REQUEST:**

For each location identified in response to Request No. 89, Documents sufficient to show whether any government body had inspected the facility and approved of Your manufacture of Buzz Pop Cocktails therein.

**131.   REQUEST:**

All lease agreements entered into by You relating to Buzz Pop Cocktails.

**132.   REQUEST:**

Documents sufficient to show all real property purchased by You relating to Buzz Pop Cocktails.

**133.   REQUEST:**

All agreements between You and any distributor of Buzz Pop Cocktails, which relate to Buzz Pop Cocktails.

**134.   REQUEST:**

All agreements between You and Woodrow Norris.

**135.   REQUEST:**

All agreements between You and Booze Pops, LLC.

**136.   REQUEST:**

All agreements between You and Booze Pops Corporate, LLC.

**137.    REQUEST:**

All agreements between You and Booze Pops Distribution, LLC.

**138.    REQUEST:**

All Communications relating to the ERSA.

**139.    REQUEST:**

All Documents and Communications relating to termination of the ERSA.

**140.    REQUEST:**

All agreements between Real Estate Flipz LLC and Ruskaboy Holdings LLC relating to Buzz Pop Cocktails.

**141.    REQUEST:**

All agreements between Buzz Pop Cocktails Corporation and Ruskaboy Holdings LLC relating to Buzz Pop Cocktails.

**142.    REQUEST:**

All agreements between Real Estate Flipz LLC and Buzz Pop Cocktails Corporation relating to Buzz Pop Cocktails.

**143.    REQUEST:**

All agreements between You and ISG-Telcom relating to Buzz Pop Cocktails.

**144.    REQUEST:**

All agreements between Real Estate Flipz LLC and Joseph Isaacs relating to Buzz Pop Cocktails.

**145.    REQUEST:**

All agreements between Buzz Pop Cocktails Corporation and Joseph Isaacs relating to Buzz Pop Cocktails.

**146.    REQUEST:**

All agreements between Real Estate Flipz LLC and Juan Sastre relating to Buzz Pop Cocktails.

**147.    REQUEST:**

All agreements between Buzz Pop Cocktails Corporation and Juan Sastre relating to Buzz Pop Cocktails.

**148.    REQUEST:**

All agreements between You and Jason Isaacs relating to Buzz Pop Cocktails.

**149.    REQUEST:**

All agreements between You and Erik Kroeker relating to Buzz Pop Cocktails.

**150.    REQUEST:**

Documents sufficient to identify the creator(s) of the product currently named Buzz Pop Cocktails.

**151.    REQUEST:**

All Documents and things concerning the selection, adoption and/or creation of BPCC's Marks, including, but not limited to: (a) all internal memoranda, agendas and records of meetings relating to the selection, creation and/or adoption of such trademarks; (b) all communications between Zeltiq and any consultant, design firm, marketing agency, advertising agency, media company, manufacturer, printer or other supplier connected with or consulted as to the development or adoption of such trademarks; (c) all trademark search reports or marketing studies; and (d) all samples, specifications, mock-ups, prototypes or other examples of other trademarks You considered for the products now connected with such trademarks.

**152.    REQUEST:**

All agreements between You and any marketing, advertising or public relations company relating to Buzz Pop Cocktails.

**153.    REQUEST:**

All Documents and Communications exchanged between You and Really Spectacular and/or Christopher Rafael relating to Buzz Pop Cocktails.

**154.    REQUEST:**

All Documents and Communications between You and Rehab Beach Club relating to Buzz Pop Cocktails.

**155.    REQUEST:**

All agreements between You and any website development company relating to Buzz Pop Cocktails.

**156.    REQUEST:**

Documents sufficient to show the date upon which Your website(s) was first accessible to the public and displayed advertising relating to Buzz Pop Cocktails.

**157.    REQUEST:**

Documents sufficient to identify each social media account that You have used to advertise or promote Buzz Pop Cocktails and the date upon which you established the account.

**158.    REQUEST:**

All agreements between You and Ocean WP relating to Buzz Pop Cocktails.

**159.    REQUEST:**

All agreements between You and Blue Box Digital relating to Buzz Pop Cocktails.

**160.    REQUEST:**

All agreements between You and Kevin Kolinski relating to Buzz Pop Cocktails.

**161.    REQUEST:**

All agreements between You and Trotta Wine LLC relating to Buzz Pop Cocktails.

**162.    REQUEST:**

All Documents and Communications exchanged between You and Trotta Wine LLC relating to permits or licenses and Buzz Pop Cocktails.

**163.    REQUEST:**

All Documents and Communications exchanged between You and Trotta Wine LLC relating to distribution of Buzz Pop Cocktails.

**164.    REQUEST:**

All Communications exchanged between You and Mario C. Trotta relating to permits or licenses and Buzz Pop Cocktails.

**165.    REQUEST:**

All agreements between You and Gelato Petrini, LLC relating to Buzz Pop Cocktails.

**166.    REQUEST:**

All Documents and Communications exchanged between You and Gelato Petrini, LLC relating to the manufacture of Buzz Pop Cocktails.

**167.    REQUEST:**

All Documents and Communications exchanged between You and Gelato Petrini, LLC relating to shipping of Buzz Pop Cocktails.

**168.    REQUEST:**

All Documents and Communications exchanged between You and Drakes Organic Spirits relating to Buzz Pop Cocktails.

**169.    REQUEST:**

All Documents and Communications exchanged between You and Kevin Harrington relating to Buzz Pop Cocktails.

**170.    REQUEST:**

All Documents and Communications between You and Heller Companies relating to Buzz Pop Cocktails.

**171.    REQUEST:**

Documents sufficient to identify each vendor that You have engaged to transport shipments of Buzz Pop Cocktails.

**172.    REQUEST:**

All Documents and Communications exchanged between You and FFE Transportation Services, Inc. relating to Buzz Pop Cocktails.

**173.    REQUEST:**

Documents sufficient to identify the first cold storage vendor that You engaged to store Buzz Pop Cocktails and the date upon You first stored any Buzz Pop Cocktails in a facility operated by that vendor.

**174.    REQUEST:**

All Documents and Communications exchanged between You and Casper Cold Storage relating to Buzz Pop Cocktails.

**175.    REQUEST:**

All Documents and Communications exchanged between You and Premium Distributors relating to Buzz Pop Cocktails.

**176.    REQUEST:**

All Documents and Communications exchanged between You and Foodie City Network relating to Buzz Pop Cocktails.

**177.    REQUEST:**

Documents sufficient to identify all Federal Express account numbers used by You relating to Buzz Pop Cocktails.

**178.    REQUEST:**

All agreements between You and Federal Express relating to the shipment of Buzz Pop Cocktails.

**179.    REQUEST:**

All Communication relating to the suspension or termination of any Federal Express account used by You to ship Buzz Pop Cocktails.

**180.    REQUEST:**

Documents sufficient to identify Your first shipment of Buzz Pop Cocktails to a purchaser.

**181.    REQUEST:**

Documents sufficient to identify all shipments of Buzz Pop Cocktails made by You during the Relevant Time Period.

**182.    REQUEST:**

All agreements between You and Square relating to Buzz Pop Cocktails.

**183.    REQUEST:**

All credit card processing statements by Square relating to Buzz Pop Cocktails.

**184.    REQUEST:**

All Documents and Communications exchanged between You and Legends Sports LLC relating to Buzz Pop Cocktails.

**185.    REQUEST:**

All Documents and Communications exchanged between You and Godfrey Hotel relating to Buzz Pop Cocktails.

**186.    REQUEST:**

Documents and Communications sufficient to identify all persons or other entities that have

been members of Real Estate Flipz LLC.

**187.    REQUEST:**

Documents sufficient to identify all persons or other entities that have invested money in

Real Estate Flipz LLC relating to Buzz Pop Cocktails.

**188.    REQUEST:**

All Documents provided to potential investors regarding any product or service named Buzz Pop Cocktails.

**189.    REQUEST:**

All Communications with investors relating to any product or service named Buzz Pop Cocktails.

**190.    REQUEST:**

All Documents and Communications exchanged between You and Dolores A. Estrada-Garcia relating to Buzz Pop Cocktails.

**191.    REQUEST:**

All Documents and Communications exchanged between You and Benson Riseman relating to Buzz Pop Cocktails.

**192.    REQUEST:**

All Documents reflecting the dissolution of Real Estate Flipz LLC.

**193.    REQUEST:**

All Communications with investors regarding dissolution of Real Estate Flipz LLC and the reasons therefor.

**194.    REQUEST:**

Documents sufficient to show the reason(s) Real Estate Flipz LLC was dissolved.

**195.    REQUEST:**

All Documents reflecting the disposition of the assets of Real Estate Flipz LLC.

**196.    REQUEST:**

Documents reflecting any transfer of assets from Real Estate Flipz LLC to Buzz Pop Cocktails Corporation.

**197.    REQUEST:**

All Communications with persons that any party to this lawsuit has disclosed as a witness, which relate to any claim or defense in this case.

**198.    REQUEST:**

All Documents that you have provided to any expert you have retained to testify in this matter for his or her use in preparing a report or opinion in this action.

**199.  REQUEST:**

All consumer surveys referring to any of BPCC's Marks.

**200.  REQUEST:**

All Documents identified in response to any interrogatory served upon You in this action.

**201.  REQUEST:**

All Documents, not otherwise requested in the preceding Requests, that support Your claims and/or defenses in this action.

Dated: October 1, 2020

Respectfully submitted,

**Feldman & Latham, LLP** *d/b/a* **TRAILBLAZER**

*Lead counsel for Plaintiffs* *

By: /s Susan J. Latham

Susan J. Latham, Esq. / Fla. Bar no. 687391
*pro hac vice*
Email: slatham@trailblazerlaw.com
1200 Brickell Avenue, Penthouse 1900
Miami, Florida 33131
Telephone: 305-222-7851
Facsimile: 305-760-4193

* *In association with the following local counsel:*

**Wills Massalon & Allen LLC**

By: /s Christy Ford Allen

Christy Ford Allen / SC Federal Bar no. 07549
Email: callen@wmalawfirm.net
97 Broad Street
Charleston, South Carolina 29401
Telephone: 843-727-1144
Facsimile: 843-727-7696

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2020, I served the foregoing document, the PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS, upon all Counsel of record by means of electronic mail, to the e–mail addresses reflected in the Service List below, pursuant to an agreement among the parties to serve all documents not otherwise filed electronically with the Court in such manner. *See* Dkt No. 23, § C.

    /s *Susan J. Latham*
    SUSAN J. LATHAM

**SERVICE LIST**
*Booze Pops, LLC v. Buzz Pop Cocktails Corporation*
United States District Court, District of South Carolina
Case No.: 2:20-cv-00691-RMG

Via CM/ECF:

David P. Reiner, II (Fla. Bar no. 416400)
**REINER & REINER, P.A.**
9100 South Dadeland Boulevard, Suite 901
Miami, Florida 33156-7815
Telephone: 305-670-8282
Facsimile: 305-670-8989
E-mail: dpr@reinerslaw.com

and

Russell Jeter, Fed. Bar No. 2178
**THE JETER LAW FIRM, LLC**
1531 Blanding Street
P.O. Box 7425 (29201)
Columbia, South Carolina 29201
Telephone: 803-765-0600
E-mail: rj@jeterlawsc.com

*Attorneys for Defendant*

29